```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


SONY PICTURES HOME              §
ENTERTAINMENT INC., ET AL.,     §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:06-CV-322-A
                                §
CHARLES LOTT,                   §
                                §
        Defendant.              §
```

## MEMORANDUM OPINION
## and
## ORDER

On December 12, 2006, plaintiffs, Sony Pictures Home Entertainment, Inc. and Warner Brothers Entertainment, Inc., moved for summary judgment on all claims asserted by them against defendant, Charles Lott ("Lott") in the above-captioned action. Having considered the motion, the response, the reply, the summary-judgment evidence, and the applicable legal authorities, the court concludes that the motion should be granted for the reasons stated below.

I.

Plaintiffs' Claims

On May 9, 2006, plaintiffs filed a complaint in the above-captioned action contending that Lott committed copyright infringement, in violation of 17 U.S.C. § 101 et seq., by illegally downloading and sharing digital copies of the motion pictures The Jacket, Boogeyman, and Constantine (the "Motion Pictures"), of which plaintiffs are the rightful copyright holders. Plaintiffs seek to recover damages and injunctive

relief for Lott's infringement.

## II.

### The Motion for Summary Judgment

Plaintiffs maintain that they are entitled to summary judgment because there is no genuine issue of material fact. Specifically, plaintiffs claim that the summary judgment evidence establishes that

> (1) Plaintiffs own the exclusive right to make copies of and distribute the Motion Pictures; (2) Defendant used the peer-to-peer service EliteTorrents to download the Motion Pictures onto his computer hard drive; (3) Defendant made the files available for download by other EliteTorrents users whenever he was connected to the EliteTorrents service; (4) Plaintiffs have never authorized Defendant to download the Motion Pictures or make the Motion Pictures available for downloading by others; and (5) Defendant's infringement was willful ... .

Pls.' Mem. of Law in Supp. Mot. for Summ. J. 1-2.  Further, plaintiffs maintain that they are entitled to an inference that Lott engaged in the alleged conduct because of his spoliation of evidence.[1]  Plaintiffs request relief in the form of statutory damages, a permanent injunction enjoining Lott from further infringing plaintiffs' copyrights, as well as attorney's fees and costs.

---

[1] The court notes that because it is granting summary judgment in favor of plaintiffs based on the summary judgment record, the court does not reach the spoliation of evidence issue.

2

III.

Background

The facts set forth below are undisputed in the summary judgment record:

A. Copyright Infringement on EliteTorrents Peer-to-Peer Service

Plaintiffs hold the sole and exclusive right to reproduce and distribute the Motion Pictures. Digital copies of electronic files, such as the Motion Pictures, can be unlawfully obtained and distributed on peer-to-peer ("P2P") file-sharing services. P2P services, such as EliteTorrents ("Elite"), the service at issue in the instant action, allow their users to share files. This file sharing can and often does result in the infringement of copyright holders' rights. See MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005)(detailing the process of file-sharing and how P2P services are used for infringing activity). Users of Elite were able unlawfully to share digital copies of games, movies, music, and software. When users downloaded or uploaded files on Elite, a tracking system would record the user's Internet Protocol ("IP") address, which is a number identifying the individual user. On May 25, 2005, the Elite P2P service was shut down.

Records from the Elite servers were obtained and given to the Federal Bureau of Investigation and US Immigration and Customs Enforcement. The servers were set up to record activity that occurred on the servers. The evidence obtained from the servers included information about the individual users who were

3

n

downloading and/or uploading digital files, including the users' IP addresses. Among the information gathered from the servers was evidence of users who were "seeding" files, which means sharing with other users a full copy of an item, such as a movie or a game, although the item may be made up of several files.

B. <u>Defendant's Use of Elite</u>

The evidence obtained from the Elite servers showed that on March 26, 2005, a user with the IP address 70.249.16.221 seeded files containing the Motion Pictures, making them available for download by other Elite users. The unique IP address 70.249.16.221 was the number assigned to the user by the Internet Service Provider, SBC Internet Services, Inc.("SBC"), at the date and time that the infringement of the Motion Pictures occurred. Internet service providers keep a record of their users IP addresses. Such records provide the information necessary to connect an IP address engaging in infringing activity with the infringer's identity.

Plaintiffs filed a lawsuit for copyright infringement against John Doe defendants in the Northern District of California, the jurisdiction where SBC is located. Plaintiffs were granted leave to serve a subpoena on SBC, seeking the identity of the individual assigned the IP address 70.249.16.221. On September 26, 2005, SBC responded to the subpoena and identified Lott as the user assigned IP address 70.249.16.211, the address assigned to the user who seeded the Motion Pictures. In identifying Lott, SBC revealed that he did not reside within

4

the jurisdiction of the Northern District of California. Thus, plaintiffs caused dismissal of that suit as to Lott without prejudice and filed the instant action in this court, the jurisdiction in which Lott resides, on May 9, 2006.

C. <u>Plaintiffs' Investigation of Lott's Computer</u>

In response to plaintiffs' complaint filed in the instant action, Lott filed an answer on June 22, 2006, in which he denied using the Elite P2P service to copy or distribute the Motion Pictures. Plaintiffs hired Lanny Morrow ("Morrow"), a Computer Forensics Examiner in the Forensic & Dispute Consulting division of BKD LLP, to investigate the contents of Lott's computer. Plaintiffs requested that Lott give access to his computer so that Morrow could conduct a forensic investigation into the hard drives of the computer. Lott resisted the inspection and plaintiffs filed a motion to compel him to allow for the investigation. On October 12, 2006, the court held a telephone conference/hearing on the motion to compel and ordered Lott to make all computer hard drives he had in his possession on March 26, 2005, available for inspection by plaintiffs at the office of plaintiffs' counsel. On October 20, 2006, Morrow conducted an investigation into the hard drives made available to him by Lott.

On November 17, 2006, BKD LLP, Morrow's employer, issued a report regarding Morrow's investigation. The report concluded that Lott's hard drive had no apparent file structure or operating system and that there was no data present on the hard drive. The report concluded, and Lott does not dispute, that the

5

reason for the lack of data was due to Lott's use of a disk wiping tool that erased all information contained on the hard drive.  Had the Motion Pictures been on Lott's hard drive, using a disk wiping tool would have erased them.  It is unclear from the summary judgment record when such disk wiping tool was used.  Lott did not install a new operating system after using the disk wiping tool.  Had a new operating system been installed, an inspection of the computer would have revealed when the disk wiping tool was used.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.

6

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994)(emphasis added).  An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).  "'Summary judgement, to be sure, may be appropriate, even in cases where elusive concepts ... are at issue, ... if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'"  Forsyth, 19 F.3d at 1533 (quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993)(emphasis added)).

    The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597.  See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the

7

standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Lott's Infringement of the Motion Pictures

To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright, and (2) the defendant copied constituent elements of the plaintiff's work that are original. See Gen. Universal Sys., Inc. V. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 399 U.S. 340, 361 (1991)). "[P]laintiffs generally demonstrate copyright infringement indirectly or inferentially by proving that (1) defendant[] had access to the copyrighted works, and (2) there is a substantial similarity between infringed and infringing works." Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 532 (5th Cir. 1994)(citing Plains Cotton Co-op Ass'n v. Goodpasture Computer Serv., Inc., 807 F.2d 1256, 1260 (5th Cir. 1987)). Under the Copyright Act, the owner of a copyright has the exclusive right to both reproduce and distribute copies of the owner's copyrighted work. See 17 U.S.C. § 106. Title 17 "prohibits infringement by anyone who violates '[a]ny of the exclusive rights of the copyright owner.'" Prostar v. Massachi, 239 F.3d 669, 677 (5th Cir. 2001) (quoting 17 U.S.C. § 501(a)). Thus, reproducing or distributing copies of another's copyrighted work

8

is a violation of the Copyright Act.

Because Lott does not dispute that plaintiffs are the holders of valid copyrights in the Motion Pictures, they have met the first element for copyright infringement. Next, plaintiffs must prove that Lott copied original elements of the Motion Pictures.

According to the summary judgment record, on March 26, 2005, an individual with the IP address 70.249.16.221 was using the Elite P2P service to download and share files containing the Motion Pictures in violation of plaintiffs' copyrights. The summary judgment record also shows that Lott was the individual assigned the IP address 70.249.15.221 at the time and on the date that the infringement of the Motion Pictures occurred. Lott failed to show, using proper summary judgment evidence, that a question of material fact existed as to whether he infringed plaintiffs' rights by downloading and sharing the Motion Pictures. Although Lott, in his response to plaintiffs' motion for summary judgment, makes some conclusory statements and allegations in support of his theory that he was not the one using the IP address 70.249.15.221 to download the Motion Pictures, he failed to set forth competent summary judgment evidence that raised a genuine issue of material fact regarding his theory.[2]

---

[2] Lott's voluminous filings make reference to a potential wireless "highjacker" that Lott claims could have been responsible for downloading and sharing the Motion Pictures using the IP address 70.249.15.221. Lott also argues that plaintiffs and/or their counsel could have modified the Elite records that connected the infringement of the Motion Pictures with the IP address 70.249.15.221. Thus, according to Lott, he has raised a genuine issue of material fact sufficient to defeat plaintiffs' motion for summary judgment.

9

It is undisputed in the summary judgment record that Lott knew the Motion Pictures were copyrighted and that he did not have authorization to download or upload the Motion Pictures. Further, it is well-established that unauthorized downloading and uploading of copyrighted media files, such as the Motion Pictures, is a violation of the copyright holders' exclusive rights to reproduce and distribute the files.  See, e.g., A&M Records, Inc. v. Napster, 239 F.3d, 1004, 1014 (9th Cir. 2001); In re Aimster Copyright Litigation, 334 F.3d 643, 645 (7th Cir. 2003).  Thus, Lott's downloading and uploading of the Motion Pictures was an infringement of plaintiffs' copyrights.

B. Plaintiffs' Entitlement to Remedies

   1. Statutory Damages

In their motion for summary judgment, plaintiffs seek remedies in the form of statutory damages, a permanent injunction, and attorney's fees and costs.  Under the Copyright Act, a plaintiff seeking damages for copyright infringement may choose to recover statutory damages, in an amount up to $30,000 per infringement, rather than profits or actual damages.[3]  The

---

However, both of these allegations are simply raised in Lott's brief, and thus do not constitute summary judgment evidence.  Although the court is willing to liberally construe a pro se litigant's pleadings in his favor, it will not "sift through the record in search of evidence" to support his opposition to a motion for summary judgment.  Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994).

   [3] The Copyright Act states that

   the copyright owner may elect, at any time before final judgment
   is rendered, to recover, instead of actual damages and profits, an
   award of statutory damages for all infringements involved in the
   action, with respect to any one work ... in a sum not less than
   $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).

10

Act further provides that where an infringement was willful, a court may, in its discretion, increase the amount of damages to $150,000 for each infringement.  17 U.S.C. § 504(c)(2).

Here, plaintiffs seek statutory damages under § 504(c)(2) in the total amount of $6,000.00 for Lott's infringement of two of the Motion Pictures.[4]  While $6,000.00 is well below the maximum amount that the court has discretion to award, even under § 504(c)(1), a section that does not require a "willful" infringement, plaintiffs argue that Lott's infringement was indeed willful and ask the court to award statutory damages under § 504(c)(2).

While the court agrees with the plaintiff that an award of damages in the amount of $6,000.00 is just for the infringement of the two motion pictures, Boogeyman and Constantine, it is unclear from the summary judgment evidence whether Lott's conduct constitutes a "willful" infringement.  Thus, the court finds the $6,000.00 in statutory damages is properly awarded under § 504(c)(1).

---

[4] Because the court may not award statutory damages, in lieu of actual damages, for an infringement that occurred before the work was registered, the court is awarding the amount of $6,000.00 for Lott's infringement of the two Motion Pictures that were registered at the time of such infringement, Boogeyman and Constantine.  See 17 U.S.C. § 412; see also Mason v. Montgomery Data, Inc., 967 F.2d 135, 142-43 (5th Cir. 1992), Mackie v. Rieser, 296 F.3d 909, 911 (9th Cir. 2002).  The amount of $6,000.00 is well within the court's discretion to award for the infringement of two copyrighted works.  See 17 U.S.C. § 504(c)(1) (stating that a court has discretion to award up to $30,000.00 in statutory damages for each infringement).

The court notes that it is interpreting plaintiffs' acknowledgment that they are not entitled to statutory damages for Lott's infringement of the motion picture The Jacket as an abandonment of their right to seek actual damages for such infringement of that motion picture.  See Pls.' Mem. of Law in Supp. Mot. for Summ. J. 20 n.76.

11

2. <u>Injunctive Relief</u>

The Copyright Act states that a court has discretion to grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In cases involving unlawful downloading of electronic files, courts often issue permanent injunctions to "ensure that the misconduct does not recur as soon as the case ends." <u>BMG Music v. Gonzalez</u>, 430 F.3d 888, 893 (7th Cir. 2005); <u>Disney Enterprises v. Farmer</u>, 427 F. Supp. 2d 807, 818-19 (E.D. Tenn. 2006); <u>Virgin Records America, Inc. v. Johnson</u>, 441 F. Supp. 2d 963, 965-66 (N.D. Ind. 2006); <u>Warner Bros. Entm't Inc. v. Cairidi</u>, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). In some cases, courts will grant an injunction that enjoins the defendant from infringing on plaintiff's copyrighted works then in existence, as well as those later created. See, e.g., <u>Princeton Univ. Press v. Michigan Document Serv., Inc.</u>, 99 F.3d 1381, 1392-93 (6th Cir. 1996).

Here, plaintiffs seek: (1) a permanent injunction enjoining Lott from "directly or indirectly infringing the plaintiffs' copyrights in the Motion Pictures, or any motion picture, whether now in existence or later created, that is owned or controlled by plaintiffs" and (2) a court order requiring Lott to destroy all copies of plaintiffs' Motion Pictures that Lott has, without plaintiffs' authorization, in his possession, custody, or control. Pls.' Compl. 4-5. The court concludes that such relief is appropriate.

3. <u>Attorney's Fees and Costs</u>

12

The Copyright Act states that in an action for copyright infringement "the court in its discretion may allow the recovery of full costs by or against any party ... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "An award of attorney's fees to the prevailing party in a copyright action, although left to the trial court's discretion, 'is the rule rather than the exception and should be awarded routinely.'" Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 381 (5th Cir. 2004) (quoting McGaughey v. Twentieth Century Fox Film Corp., 12 F.3d 62, 65 (5th Cir. 1994)). Factors used to guide the district court's discretion in determining whether to award attorney's fees include the "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Positive Black Talk, Inc., 394 F.3d at 381 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)(internal quotation marks omitted)).

Here, plaintiffs seek an award of reasonable attorney's fees and costs. The court concludes that plaintiffs should be awarded costs of suit. However, the court is deferring ruling on plaintiffs' request for attorney's fees unless, and until, plaintiffs comply with Rule 54(d)(2) of the Federal Rules of Civil Procedure.

VI.

Order

For the reasons discussed above, the court concludes that plaintiffs' motion for summary judgment should be granted. Therefore,

The court ORDERS that plaintiffs have and recover from defendant the sum of $6,000.00 for damages to plaintiffs for infringement of plaintiffs' copyrights in the motion pictures <u>Boogeyman</u> and <u>Constantine</u>.

The court further ORDERS that Lott be, and is hereby, enjoined from directly or indirectly infringing plaintiffs' rights in the Motion Pictures and any motion picture, whether now in existence or later created, that is owned or controlled by the plaintiffs ("plaintiffs' copyrighted motion pictures"), including, without limitation, by using the internet to reproduce or copy any of plaintiffs' copyrighted motion pictures, to distribute any of the plaintiffs' copyrighted motion pictures, or to make any of plaintiffs' copyrighted motion pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiffs.

The court further ORDERS that Lott destroy (1) all copies of plaintiffs' copyrighted motion pictures that Lott has downloaded onto any computer hard drive or server without plaintiffs' authorization and (2) all copies of those downloaded motion pictures transferred onto any physical medium or device in Lott's possession, custody, or control.

The court further ORDERS that if plaintiffs wish to pursue their request for attorney's fees, they file a motion as contemplated and within the deadline set by Rule 54(d)(2) of the

Federal Rules of Civil Procedure; and that such motion include an itemized list of services rendered, the date such services were performed, the name of the attorney or paralegal who performed such services and their rate per hour, and the total amount of attorney's fees; and that such list be supported by affidavits or statutory declarations of persons with actual knowledge of the facts contained within.

  SIGNED January 26, 2007.

          /s/ John McBryde
          JOHN McBRYDE
          United States District Judge